# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT WASHINGTON, ) | 1:08-CV-00431 LJO SMS HC |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | |
| ) | |
| JAMES YATES, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2008, Petitioner filed the instant petition for writ of habeas corpus. Petitioner contends he was denied his due process rights during a disciplinary hearing held on February 6, 2007. As a result of the disciplinary proceeding, Petitioner was assessed a thirty-day loss of credits.

On June 3, 2008, Respondent filed a motion to dismiss the petition as moot. Petitioner filed an opposition on July 28, 2008.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70

104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

As Respondent correctly notes, Petitioner's thirty-day loss of work-time credits has no bearing upon his release date. Any work-time credits earned are computed in the determination of when Petitioner becomes eligible for parole, and in this case Petitioner is already eligible for parole. Cal. Penal Code § 190. Thus, Petitioner "will be released if and when found eligible, and then only after a computation of a release date under BPT matrices." Williams v. Schwarzenegger, 2006 WL 2548217, *11 (E.D. Cal.2006). He is no longer entitled to any credit reduction. Id. If the Court were to grant the petition, Petitioner's release date would not be affected. Furthermore, a presumption of collateral consequences does not apply to prison disciplinary proceedings, and Petitioner has not alleged collateral consequences sufficient to avoid dismissal on the ground of mootness. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition for mootness be GRANTED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

1 shall be served and filed within ten (10) court days (plus three days if served by mail) after
2 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
3 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
5 F.2d 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.
8 Dated:    **August 13, 2008**                                   /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE

cd

3