UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KURT WASHINGTON, | ) | 1:08-CV-00431 LJO SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER VACATING STAY OF FINDINGS |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| | ) | SUPPLEMENTAL FINDINGS AND |
| JAMES YATES, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2008, Petitioner filed the instant petition for writ of habeas corpus. Petitioner contends he was denied his due process rights during a disciplinary hearing held on February 6, 2007. As a result of the disciplinary proceeding, Petitioner was assessed a thirty-day loss of credits.

On June 3, 2008, Respondent filed a motion to dismiss the petition as moot. Petitioner filed an opposition on July 28, 2008. On August 13, 2008, the undersigned issued a Findings and Recommendation which recommended the motion to dismiss be granted. Petitioner filed objections on October 20, 2008. In light of the objections, on December 8, 2008, the Court stayed the Findings and Recommendation pending further briefing by the parties. Specifically, the parties were directed

to address Petitioner's assertion that the prison disciplinary violation caused him to be denied parole and whether said factor qualifies as a consequence sufficient to avoid dismissal on the ground of mootness. Respondent filed supplemental briefing on February 11, 2009, and Petitioner filed his supplemental briefing on March 11, 2009.

**DISCUSSION**

As discussed in the August 13, 2008, Findings and Recommendation, the case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

In this case, it is clear that Petitioner's thirty-day loss of work-time credits has no bearing upon his release date. Petitioner has become eligible for parole; therefore, a restoration of credits would have no effect on the length of his sentence. Petitioner argues, however, that the parole board met on February 26, 2008, and denied him parole based on the disciplinary conviction, specifically, for his failure to remain disciplinary-free. In Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968), the Supreme Court stated that once a convict's sentence has expired, there must be some concrete and continuing injury other than the ended incarceration or parole if the suit is to be maintained. The injury cannot be speculative. Id. In this case, the parties acknowledge that the conviction has in fact been used by the parole board as a reason to deny parole. This is an actual and concrete injury. Whether it is a consequence sufficient to avoid mootness is another question. This Court believes it is not.

In Lane v. Williams, the Supreme Court found that it was not enough that a parole violation

could be used in a parole revocation decision to enable the parole board to deny an inmate parole in the future. Spencer v. Kenma, 523 U.S. 1, 13 (1998), *citing* Lane v. Williams, 455 U.S. 624, 639-40 (1982). The parole violation was "simply one factor, among many, that may be considered by the parole authority in determining whether there is a substantial risk that the parole candidate will not conform to reasonable conditions of parole." Spencer, 523 at 13, *quoting* Lane, 455 U.S. at 633 n. 13. This same rationale applies in the instant case. Like the petitioners in Spencer and Lane, the parole board relied on the prison disciplinary conviction as only one factor among many in determining Petitioner was unsuitable for parole. As noted by Respondent, the parole board stated that "the first consideration, which weighted [sic] very heavily is the commitment offense." See Ex. A at 79.[1] The parole board further stated: "Another item that weighs against suitability, it does not weigh as heavy as your criminal offense, but it does weigh into the decision of unsuitability is unstable social history." See Ex. A at 80. Still another issue that "weigh[ed] heavily against suitability [was] the psych report" which "found inmate Washington unfavorable for parole" and a "moderate risk for recidivism." See Ex. A at 80-81. Therefore, while the prison disciplinary conviction also weighed heavily in the parole board's decision, it was only one of four factors relied upon in finding Petitioner unsuitable for parole. Given the decisions of the Supreme Court noted above, this collateral consequence is insufficient to avoid dismissal for mootness.

**ORDER**

IT IS HEREBY ORDERED that the December 8, 2008, stay of the August 13, 2008, Findings and Recommendation is VACATED, and the Findings and Recommendation is REINSTATED.

**RECOMMENDATION**

Accordingly, the Court HEREBY SUPPLEMENTS the Findings and Recommendation issued August 13, 2008. The Court RECOMMENDS that Respondent's motion to dismiss the petition for mootness be GRANTED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

---

[1] "Ex. A" refers to Exhibit A attached to Respondent's Response to Order to Show Cause dated February 11, 2009. See Court Docket #20.

1 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
2 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
3 California. Within thirty (30) days after being served with a copy, any party may file written
4 objections with the court and serve a copy on all parties. Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall
6 be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
7 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
8 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
9 the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 IT IS SO ORDERED.
11 **Dated:    April 10, 2009                        /s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE